NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DOUGLAS ALVARO PERDOMO-ROSALES,

                Petitioner,

  v.

MERRICK B. GARLAND, Attorney General,

                Respondent.

No.   20-70324

Agency No. A206-625-931

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2022[**]

Before:     SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

     Douglas Alvaro Perdomo-Rosales, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review de novo questions of law. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Perdomo-Rosales failed to establish that the harm he experienced in El Salvador in 2014 was on account of the proposed particular social group of "witnesses who . . . the gangs think have testified against them" or that the harm he experienced during the 2012 robbery in El Salvador was on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"). Perdomo-Rosales does not raise, and therefore waives, any challenge to the agency's dispositive grounds for denying his claims based on his proposed social groups of "prosecutorial witnesses who testify against gangs" and "young El Salvadoran males who refuse to cooperate with the Gang 18". *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

We lack jurisdiction to consider Perdomo-Rosales's contentions as to the particular social groups he raises in the first instance in his opening brief because

20-70324

he did not raise them to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Substantial evidence supports the agency's determination that Perdomo-Rosales could avoid future persecution by relocating within El Salvador and it would be reasonable for him to do so. *See* 8 C.F.R. §§ 1208.13 (b)(2)(ii), (3)(i), 1208.16(b)(2), (3); *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) ("[A]n applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality ... and under all the circumstances it would be reasonable to expect the applicant to do so." (citation and internal quotation marks omitted)).

Thus, Perdomo-Rosales's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT relief because Perdomo-Rosales failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The BIA did not err in declining to consider a 2016 law review article that was raised for the first time to the BIA. *See* 8 C.F.R. § 1003.1(d)(3)(iv)(A) ("The Board will not engage in factfinding in the course of deciding cases"). Further, we do not consider the information from this law review article that Perdomo-Rosales

references in his opening brief that is not a part of the administrative record considered by the BIA. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

Perdomo-Rosales's unopposed motion to submit the case on the briefs for decision without oral argument is granted.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**